******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ECKER, J., concurring in the judgment. I respectfully disagree with the majority opinion to the extent that it adopts and applies the harmless error standard set forth in *Brecht* v. *Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993). See id. (new trial is mandated if instructional error "had substantial and injurious effect or influence in determining the jury's verdict" (internal quotation marks omitted)). For the reasons explained in part II of Justice D'Auria's concurring opinion in *Banks* v. *Commissioner of Correction*, 339 Conn. 1, 56,      A.3d      (2021) (*D'Auria, J.*, concurring), I would instead apply the standard articulated in *Neder* v. *United States*, 527 U.S. 1, 18, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999), which requires a new trial unless it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the [instructional] error," as I explained in my separate concurring opinion in *Banks* v. *Commissioner of Correction*, supra, 79 (*Ecker, J.*, concurring in the judgment and joining part II of Justice D'Auria's concurring opinion in that case). I nevertheless concur in the judgment in this case because I agree with the majority that the failure to give a jury instruction, as required by *State* v. *Salamon*, 287 Conn. 509, 550, 949 A.2d 1092 (2008), was not harmless on this record.